United States District Court
Southern District of Texas
**ENTERED**
February 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALFREDO VASQUEZ, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 2:23-CV-00320 |
| § | |
| UNITED STATES CITIZENSHIP AND § | |
| IMMIGRATION SERVICES, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Alfredo Vasquez, a self-described "ex felon" on parole and living in a treatment halfway house in Corpus Christi, Texas, has filed this action *pro se* seeking to renounce his United States Citizenship. (Doc. No. 1.) This case has been referred to the undersigned for pretrial management and recommendations on dispositive matters, pursuant to 28 U.S.C. § 636.

On December 5, 2023, the Clerk of Court issued a Notice of Deficient Pleading, notifying Plaintiff that he must either submit the filing fee of $402.00 or submit a an application to proceed *in forma pauperis*. (Doc. No. 3.) Plaintiff was warned that failure to comply with the Notice of Deficient Pleading within 30 days may result in his case being dismissed for want of prosecution. (Doc. No. 4.) Plaintiff did not respond, and copies of the Court's filings sent to him by first-class mail were returned undeliverable on December 21 and December 22, 2023. *See* Doc. Nos. 6-10.

On January 8, 2024, the Court issued a show-cause order, directing Plaintiff to either pay the full filing fee or file the requested application to proceed *in forma pauperis* by January 30, 2024, and warned Plaintiff that failure to comply would result in dismissal of his case. (Doc. No. 11.) Plaintiff has not responded to this order either, and the copy of the show cause order sent to Plaintiff by first-class mail was returned as undeliverable.

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). To date, Plaintiff has not only not satisfied the requirements to pursue his case, he has also failed to keep the Court apprised of his current address as required by the local rules. *See* S.D. Tex. L.R. 83.4 ("Notices will be sent only to the address on file. A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address.")

Courts in this Circuit have dismissed *pro se* litigants' claims for failing to keep the Court informed of their current address. *See, e.g.*, *Shuemake v. Hillhouse*, No. 6:18cv349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) ("It is well-settled that a Plaintiff has an ongoing obligation and responsibility to inform the Court [of] his whereabouts through a current mailing address."), *adopted*, 2021 WL 3032725 (E.D. Tex. July 19, 2021); *Bennet v. Smith Cnty. Jail*, No. 6:21cv010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021) ("Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case."), *adopted*, 2021 WL 926207 (E.D. Tex. Mar. 10, 2021); *Martinez-Reyes v. United States*, No. 7:14-CV-341, 2016 WL 8740494, at *4 (S.D. Tex. Oct. 10, 2016) (Ormsby, M.J.) (concluding dismissal was required "given that the last court document was returned as undeliverable and the Court thus" could not communicate with plaintiff), *adopted*, 2017 WL 1409315 (S.D. Tex. Apr. 20, 2017) (Crane, J.)

Plaintiff's failure to update his current mailing address hinders the Court's ability to communicate with him or further develop this case. "Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket." *Hernandez v. Richards*, No. 5:22-CV-298-BQ, 2023 WL 5613943, at *2 (N.D. Tex. July 26, 2023), *adopted*, 2023 WL 5620744 (N.D. Tex. Aug. 30,

2023). The undersigned therefore recommends that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

SIGNED on February 6, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge